DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| MONICA BIRCH-MIN,           )<br>                                          )<br>         Plaintiff,               )<br>                                          )<br>    v.                                   )<br>                                          )<br>JOHN GEORGE BIRCH, III,  )<br>                                          )<br>         Defendant.          )<br>_____) | Civil Action No. 2021-0001 |

**Appearances:**
**Monica Birch-Min,** *Pro Se*
Elizabeth, N.J.

**John George Birch, III,**
Rahway, N.J.
    *No Entry of Appearance*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court *sua sponte* on Plaintiff Monica Birch-Min's ("Plaintiff") Complaint (Dkt. No. 1), the Court's "Order to Show Cause" (Dkt. No. 9), and "Plaintiff's Answer to Show Cause Order" (Dkt. No. 12). For the following reasons, the Court finds that it lacks subject matter jurisdiction over Plaintiff's claims and therefore will dismiss this case.

### I.    BACKGROUND

In a Complaint docketed on January 8, 2021, Plaintiff makes two claims for relief. Both claims involve real estate located in Rahway, New Jersey. (Dkt. No. 1 at 2, 4). In Plaintiff's "First Claim for Relief" ("First Claim"), she alleges that she made an agreement with John George Birch, III ("Defendant") for Defendant to assist Plaintiff "in curing a default." *Id.* at 1. Plaintiff alleges,

however, that instead of assisting her, Defendant "paid the reinstatement amount and then evicted plaintiff" from 1995 St. George Ave., Rahway, New Jersey. *Id.* at 1-2. Plaintiff claims that Defendant owes her expenses associated with Defendant's seizure of the property and payment for her equity in the property. *Id.* at 2.

Plaintiff states that she filed a "Uniform Commercial Code [("UCC")] Financial Statement" in "the Office of the State of New Jersey Department of the Treasury Division of Revenue as a financing statement" pertaining to the transaction and to Plaintiff's interest in the property located at 811 River Road, Rahway, New Jersey and 1995 St. George Ave., Rahway, New Jersey. *Id* at 2. Plaintiff further asserts that by reason of her filing the Financial Statement, she has a lien on "said collateral" for the sum of $604,484.56, and Defendant has "failed and refused to pay the amount, and refuses to turnover [sic] possession of the real property . . . ." *Id.* at 3. Plaintiff demands *inter alia*, "judgment that said lien be foreclosed, and that said collateral be sold under and pursuant to the judgment of this court . . . ." *Id.*

In Plaintiff's Second Claim for Relief ("Second Claim"), she alleges that she is an "Heir" and "has claimed an equitable interest in the real property" of an estate "owned by the defendant" based on "Surrogate Court of Union County, State of New Jersey, Docket No(s) L2118; and L.2141." *Id.* at 4. Plaintiff cites her UCC Financial Statement as showing that she has a security interest in real property described as "1975 through 1983 St. George Ave.," Rahway, New Jersey and seeks to place a Judgment of $582,407.82[1] on the Deed of the properties because Defendant allegedly failed to pay her "the equitable interest of the said Estate." *Id.* at 4-5. Thus, Plaintiff

---

[1] The Court notes that the amount is listed as $582,407.82 in one paragraph and $582,407.74 in another paragraph, although the difference is not relevant to the Court's analysis. (Dkt. No. 1 at 5).

2

claims to have "a lien on said collateral," and "demands Judgment that Plaintiff's lien be foreclosed." *Id.* at 5.

For both claims, Plaintiff asserts that she and Defendant are citizens of New Jersey, and jurisdiction is present based on "commerce and amount," pursuant to 28 U.S.C. § 1337(a). *Id.* at 1, 3. Further, Plaintiff's "Civil Cover Sheet" states that jurisdiction is based on "Federal Question" and the cause of action is "[t]o foreclose security interest," based on "U.C.C. sec. 9-110:2; and U.C.C. sec.[] 9-402(5)." (Dkt. No. 1-1 at 1).

Because Plaintiff's Complaint "does not mention the U.S. Virgin Islands," and "based on a plain reading of the Complaint, it is unclear how the Court has subject matter jurisdiction," the Court issued an "Order to Show Cause" on March 18, 2021. (Dkt. No. 9 at 1). Plaintiff was ordered to "show cause why the Court has subject matter jurisdiction over this action, and, if so, why venue is proper in this district." *Id.* at 2 (footnotes omitted). Plaintiff filed a Response to the "Order to Show Cause," which was docketed on April 27, 2021. (Dkt. No. 12).

On August 31, 2021, the Clerk of Court entered default against Defendant for "failure to plead or otherwise defend as required by law." (Dkt. No. 26 at 1). Based on the default, Plaintiff filed a "Motion for Judgment by Default Upon Clerk's Entry of Default Fed. R. Civ. P. 55(b)" on October 7, 2021, which is currently pending before the Court. (Dkt. No. 27).

## II.     APPLICABLE LEGAL PRINCIPLES

"It is axiomatic that federal courts are courts of limited subject matter jurisdiction." *Callwood v. Ferdi's Forest, Inc.*, No. 2019-0033, 2021 U.S. Dist. LEXIS 227304, *4 (D.V.I. Nov. 26, 2021) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction," and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (citations omitted).

3

Further, "because subject matter jurisdiction is non-waivable, courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt." *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76-77 (3d Cir. 2003) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)). Thus, courts can raise the issue of subject matter jurisdiction *sua sponte. Id.* at 77.

"Federal district courts have subject matter jurisdiction over civil actions that arise (1) under the Constitution, laws or treaties of the United States (*i.e.,* federal question jurisdiction), or (2) between citizens of different states where the matter in controversy exceeds $75,000 (*i.e.,* diversity jurisdiction)." *City of Newark v. Lawson*, 346 F. App'x 761, 763 (3d Cir. 2009) (per curiam) (citing 28 U.S.C. §§ 1331, 1332). Further, there are two ways in which federal question jurisdiction may arise. First, "a case arises under federal law when federal law creates the cause of action asserted." *Goldman v. Citigroup Glob. Mkts. Inc.*, 834 F.3d 242, 249 (3d Cir. 2016) (internal quotation marks omitted) (quoting *Gunn v. Minton*, 568 U.S. 251, 257 (2013)); *Gardiner v. St. Croix Dist. Governing Bd. of Dirs.*, 859 F. Supp. 2d 728, 732 (D.V.I. 2012). Second, "a case may arise under federal law 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (footnote omitted) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 9 (1983)); *Gardiner*, 859 F. Supp. 2d at 732. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted).

For diversity jurisdiction, 28 U.S.C. § 1332(a) states that district courts: "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of

4

$75,000, exclusive of interest and costs, and is between-- (1) citizens of different States; [and] (2) citizens of a State and citizens or subjects of a foreign state . . . ." 28 U.S.C. § 1332(a)(1)-(2); *Frett-Smith v. Vanterpool*, 511 F.3d 396, 397 n.1 (3d Cir. 2008) (quoting 28 U.S.C. § 1332(a)(1)-(2)).

Finally, because Plaintiff is appearing *pro se*, her pleadings are to be liberally construed and held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Elliott v. Akator Constr.*, No. 2:21-cv-337, 2021 WL 3131215, at *1 (W.D. Pa. July 22, 2021).

### III.  DISCUSSION

Plaintiff asserts in her Complaint that jurisdiction is "founded on commerce and amount," pursuant to 28 U.S.C. § 1337(a), and the "matter in controversy exceeds Ten Thousand ($10,000)." (Dkt. No. 1 at 1, 3). The Court finds that it lacks subject matter jurisdiction over this matter.

Section 1337(a) of Title 28 provides:

> The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies: *Provided, however,* That the district courts shall have original jurisdiction of an action brought under section 11706 or 14706 of title 49, only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs.

28 U.S.C. § 1337(a). The Third Circuit has held that the "'arising under' requirement of section 1337 has been interpreted to be the same as that found in 28 U.S.C. § 1331, the grant of general federal question jurisdiction." *Medlin v. Boeing Vertol Co.*, 620 F.2d 957, 962-63 (3d Cir. 1980) (citation omitted) (citing *Yancoskie v. Delaware River Port Auth.*, 528 F.2d 722, 725 (3d Cir. 1975)); *see also MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1094 n.4 (3d Cir. 1995) (stating that there was no difference in the bases of subject matter jurisdiction under 28 U.S.C. § 1331 and § 1337 for purposes of the court's analysis). Thus, the Court will apply the

5

same analysis to Plaintiff's Complaint as it would when evaluating whether federal question jurisdiction exists under 28 U.S.C. § 1331.

Based on a review of the Complaint and "Plaintiff's Answer to Show Cause Order," it appears that Plaintiff relies on the UCC as the basis for this Court's subject matter jurisdiction. (Dkt. No. 12 at 2). For example, Plaintiff argues that "[a]ll these legal records were now successfully processed through the legal government channels over a couple of years, according to the UCC laws . . . ." *Id.* at 1. Plaintiff further argues that "[u]nder UCC Law and these kinds of cases, the Plaintiff has the Right to choose to file in a nearby Court like St. Croix" and "[f]inances listed cross Nation lines are therefore subject to International Law, such as the UCC." *Id.* at 2; *see also id.* at 6 ("Plaintiff . . . requests that the court review her substantive right to use the Uniform Commercial Code System and enforce those rights in a Federal Court."). However, the UCC is not a federal statute from which federal question jurisdiction is derived. *See, e.g.*, *Kemezis v. Matthew*, No. CIV.A. 07-5086, 2008 WL 2468377, at *7 (E.D. Pa. June 16, 2008) ("[T]he Uniform Commercial Code is not a federal statute, and in order for Plaintiffs to make any claim under the UCC, they would have to show diversity jurisdiction."), *aff'd sub nom. Kemezis v. Matthews*, 394 F. App'x 956 (3d Cir. 2010); *Citibank, N.A. v. Gumbs*, No. CIV.A.1:07CV2476-TWT, 2007 WL 3491744, at *4 (N.D. Ga. Nov. 6, 2007) ("[A] civil action based on the UCC does not arise under the laws of the United States, and, therefore, does not provide a court with federal question jurisdiction." (citations omitted)).

Plaintiff's causes of action are allegedly based on New Jersey state law, namely the UCC. *See* N.J. Stat. Ann. § 12A:1-101 ("This act may be cited as the Uniform Commercial Code."). Plaintiff's Complaint does not cite any federal law as being the basis for her claims and her claims involve real property located in the State of New Jersey. Because federal law does not create

6

Plaintiff's causes of action nor do her rights turn on "some construction of federal law," federal question jurisdiction is not present. *See Gardiner*, 859 F. Supp. 2d at 732 (quoting *Merrell Dow*, 478 U.S. at 808).

Finally, based on a liberal construction, "Plaintiff's Answer to Show Cause Order" could also be construed as arguing that jurisdiction is present based on diversity jurisdiction, 28 U.S.C. § 1332. For example, noting that "[n]ot all the addresses on the Complaint are in New Jersey," Plaintiff states that the Complaint "also is signed using her legal address of residence in Montserrat, [a] nearby Caribbean Island Country," and the "address is taken as her official address for the case." (Dkt. No. 12 at 1-2); *see also id*. at 2 ("The distribution and flow of monies and commerce is between Nations, Montserrat, and the USA's economic interest, because the residency and official activity over many years is diversely international."). Plaintiff also cites law relating to diversity jurisdiction. *See, e.g.*, *id.* at 6, 7 (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), as well as the amount in controversy requirement for diversity, which Plaintiff claims is satisfied because her claim exceeds $1,000,000.00—"well over the $75,000.00 jurisdiction requirement").

It is clear, however, that diversity jurisdiction does not exist. The Complaint states unequivocally that both Plaintiff and Defendant are citizens of New Jersey. (Dkt. No. 1 at 1, 3). Thus, diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) is not present. 28 U.S.C. § 1332(a)(1).

Nor does Plaintiff's claim of residence in Montserrat establish diversity jurisdiction. Diversity jurisdiction can exist if one party is the citizen of a state and the other party is the "citizen[] or subject[] of a foreign state." 28 U.S.C. § 1332(a)(2). However, in order to be a citizen or subject of a foreign state, a party must renounce his/her citizenship in the United States and gain citizenship in the foreign country. *See Pemberton v. Colonna*, 290 F.2d 220, 221 (3d Cir. 1961)

7

(per curiam) ("[A] citizen of the United States who is domiciled abroad is not a citizen of the country where he makes his home. To do that he must renounce his United States citizenship and acquire citizenship in the foreign country."); *see also Frett-Smith*, 511 F.3d at 400 (holding that for American citizens with dual citizenship, the requirements of 28 U.S.C. § 1332(a)(2) are not satisfied because "for purposes of diversity jurisdiction, only the American nationality of a dual national is recognized").

Based on a review of the entire record, the Court finds that it does not have subject matter jurisdiction over this case, and thus, the case must be dismissed. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." (citation omitted)). Similarly, "[t]he absence of jurisdiction makes the entry of default a nullity and, in any event, would prevent this Court from converting the entry into a default judgment." *Sharp v. New Jersey Disc. Tire*, No. 3:14-CV-00663, 2015 WL 3604069, at *8 (M.D. Pa. June 5, 2015) (citation omitted). Accordingly, the "Entry of Default" will be vacated and the case dismissed.

An appropriate Order accompanies this Memorandum Opinion.

Date: June 15, 2022                             _____/s/_____
                                                WILMA A. LEWIS
                                                District Judge

8